IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LIONEL AND CYNTHIA FRANCOIS**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 3:06CV434BS**

**COLONIAL FREIGHT SYSTEMS, INC.**     **DEFENDANTS**

## ORDER

This cause is before the Court upon the Defendant's Motion for Independent Medical Examination, by which it requests the Court for an Order requiring the Plaintiff to be examined by a physician and a psychologist selected by the Defendant, namely Dr. Helveston and Dr. Ed Manning, pursuant to Fed. R. Civ. P. 35.  The Plaintiff has objected to the relief requested, contending that good cause has not been shown to justify such an examination.  According to the Plaintiff, the Motion fails to comply with Rule 35 and alternative means are available to obtain the desired information.

Rule 35(a) provides that a person may be ordered to submit to a physical or mental examination "by a suitably licensed or certified examiner" when the mental or physical condition of a person "is in controversy."  The order may be made "only on motion for good cause shown . . . ."  Here, the Plaintiff's physical and psychological conditions are clearly in controversy, as the Defendant disputes that the accident at issue caused all of the injuries claimed by the Plaintiff and wishes to challenge his claims as to causation and damages.   As to the Plaintiff's claims that his condition can be adequately assessed through review of his medical records, the Defendant asserts that those records have been reviewed, but do not support his claims.  The Court thus finds that the Defendant's need for independent review to test the validity of the Plaintiff's claims does constitute "good cause" for a Rule 35 examination.

The Plaintiff also objects to being examined by Dr. Manning, on grounds that he is a psychologist, rather than a physician. "In general, the Court will allow the movant to select the examiner unless the person to be examined raises a valid objection." John B. Corr, Williams M. Janssen & Steve Baicker-McKee, *Federal Civil Rules Handbook* 555 (Millennium Ed. 2000); *see also Lahr v. Fulbright & Jaworski*, L.L.P., 164 F.R.D. 196, 202-03 (N.D. Tex. 1995) (holding that the moving party should usually be allowed to choose the examiner); 7 Moore's Federal Practice, §35.07(2) (Matthew Bender 3rd ed.).  Here, the Plaintiff has not alleged or shown that Dr. Manning is unqualified to perform an examination or is particularly biased or prejudiced as to the Plaintiff. The ordinary practice of the undersigned is to allow the movant an examination by the physician of his choice when a Rule 35 examination is allowed, and the Court finds no reason to reject Dr. Manning as the examiner.

Finally, the court has reviewed the Plaintiff's claim that the Defendant's Motion is fatally incomplete because it does not specify the time, place manner, conditions, and scope of examination. The court has reviewed Rule 35, and, while the Rule requires the court's Order to contain this information, there is no such requirement for the content of the motion.  However, Unif. Local R. 35.1 **does** require the motion to be accompanied by a consent order containing the information described above, or a statement as to why such an order was not included.  In the absence of such an order or statement, the court cannot grant full relief on this Motion.

IT IS, THEREFORE, ORDERED that the Defendant's Motion for Independent Medical Examination is hereby **granted** in part and **denied** in part.  The court finds that the Defendant has shown good cause for an independent medical examination by Dr. Helveston and Dr. Manning.

However, the Plaintiff will not be ordered to submit to these examinations in the absence of the submission of a consent order, or the statement required by Unif. Local R. 35.1.

IT IS SO ORDERED this the 11th day of December, 2006.

S/James C. Sumner<br>UNITED STATES MAGISTRATE JUDGE