# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**LIONEL AND CYNTHIA FRANCOIS**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 3:06CV434BS**

**COLONIAL FREIGHT SYSTEMS, INC.**     **DEFENDANTS**

## ORDER

This cause is before the Court upon the Plaintiff's Motion to Reconsider Court's Order Granting in Part and Denying in Part Colonial's Motion for Independent Medical Examination and the Defendant's Motion for Stay of Case Pending Plaintiff's Appeal of Magistrate's Order to the District Court. The court has reviewed both Motions and is of the opinion, for the reasons more fully set out below, that the Plaintiff's Motion should be denied and the Defendant should be granted only partial relief.

As this court has stated on many occasions, only three reasons justify a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990); *see also Williams v. Mississippi Action for Progress, Inc.*, 824 F. Supp. 621, 623-24 (S.D. Miss. 1993); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D.Miss. 1993); *Currie v. Baxter, Brown & Co.*, 145 F.R.D. 66, 67 (S.D. Miss. 1992). A motion that merely re-argues a party's earlier position will not persuade this court to change a previously entered ruling and is, indeed, an improper use of the motion that could result in sanctions. *Nationwide Mutual Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D. Miss. 2000).

Here, the Plaintiff seeks reconsideration of the court's earlier Order permitting an examination of the Plaintiff by Dr. Ed Manning, on grounds that Dr. Manning's association with the University of Mississippi Medical Center is evidence of his bias.  That issue was not raised earlier; however, the Plaintiff argues that, because he relied on a procedural argument as to the validity of the Defendant's Motion for an Independent Medical Examination, he "did not believe the issue of bias and/or prejudice as to the doctors named by Colonial was before the Court."  This statement does not fall within any of the categories named above and does not justify reconsideration of the Motion.  The Plaintiff earlier argued that Dr. Manning was not professionally qualified to conduct such an examination because he was not a physician; the argument as to his bias, which was known at that point, could also have been argued.  Thus, the court will not reconsider its Order.

The Defendant seeks a stay of this matter pending the District Judge's review of the Plaintiff's Application for Review of the court's Order holding that the Plaintiff's medical privilege had been waived.  In support of that Motion, the Defendant argues that the appeal will cause such delay in conducting discovery as to jeopardize the deadlines set in the Case Management Plan Order earlier entered in this matter.  While these deadlines may ultimately be affected by this appeal, the court is rarely willing to indefinitely stay a case, and it is particularly unwilling to enter a stay where the delay is only speculative.  However, because this dispute over medical matters is likely to effect the Defendant's ability to fully designate experts by January 2, that deadline will be moved to January 29, 2007.  Other deadlines may be extended to a later date upon application to the court, supported by good cause therefor.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Reconsider Court's Order Granting in Part and Denying in Part Colonial's Motion for Independent Medical Examination is hereby **denied**.

IT IS FURTHER ORDERED that the Defendant's Motion for Stay of Case Pending Plaintiff's Appeal of Magistrate's Order to the District Court is hereby **granted** in part and **denied** in part, and the Case Management Plan Order previously entered in this matter is hereby amended to permit the Defendant to designate experts on or before January 29, 2007.

IT IS SO ORDERED this the 15th day of December, 2006.

                                                  S/James C. Sumner
                                      UNITED STATES MAGISTRATE JUDGE