IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LIONEL AND CYNTHIA FRANCOIS**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 3:06CV434BA**

**COLONIAL FREIGHT SYSTEMS, INC.**     **DEFENDANTS**

## ORDER

This cause is before the Court upon the Defendant's Motion to Compel Discovery and the Plaintiffs' Motion for Leave to Designate Additional Expert. Consideration of the Defendant's Motion is hampered by its failure to completely comply with Unif. Local R. 37.1(B), in that it has not included the Plaintiffs' responses in its Motion. Additionally, after the Motion was filed, the Plaintiffs served supplemental discovery responses on the Defendant. Instead of discussing each discovery request at issue in light of the supplemental responses, the Defendant has invited the court to peruse those responses to determine their inadequacy – an invitation that the court declines.

Although it is difficult to rule on discovery disputes through a general discussion, it appears that the parties' primary disagreements include the scope of medical records to be produced, the adequacy of the designation of experts in the absence of signed reports, and the failure to provide certain financial records. With regard to the medical records, Judge Barbour's recent Order denying the Plaintiffs' Application for Review should put the issue of the medical waiver to rest. It is now incumbent upon the Defendant to procure those records, and its Motion to Compel is denied on that issue. With regard to the designation of experts, Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2) require that a complete designation include "a written report prepared and signed by the witness." The Motion to Compel will be granted on this issue, and the Plaintiff will be given a brief extension in which file a complete expert designation, in accordance with Fed. R. Civ. P. 26(a)(2)

and Unif. Local R. 26.1(A)(2). Failure to serve complete designations will result in sanctions, which may include the striking of the Plaintiff's expert designations. *See, e.g., Campbell v. McMillin,* 83 F. Supp. 2d 761, 764 (S.D. Miss. 2000) (Judge Barbour affirming the striking of an expert witness for an improper designation and granting summary judgment based on the lack of medical evidence). Finally, with regard to financial records, the Plaintiffs appear to be amenable to producing them, but have failed to do so. The Motion to Compel will be granted as to these requests, and the Plaintiffs will be given a time period within which they must serve these documents.

      The Plaintiffs have moved for leave to designate an additional expert to assist them in responding to and drafting discovery requests related to the issue of whether Reginald Chapman was an employee of Colonial Freight Systems. As a preliminary note, the court's opinion was not influenced in any way by their argument that, as several motions had been decided in the Defendant's favor, it is now time to rule in favor of the Plaintiffs. However, the court is of the opinion that the Motion should be granted on the merits, although it is not clear whether this expert is expected to testify at trial, or whether he has been retained only for the purpose of trial preparation. If he is not expected to testify, he need not be designated at all. Fed. R. Civ. P. 26(b)(4)(B); *Hoover v. U.S. Dept. Of the Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980); *In re Shell Oil Co.*, 132 F.R.D. 437, 440 (E.D. La. 1990). If, however, he is expected to testify, the court believes the case to be in an early enough stage that his designation at this point, so long as it is complete, will not prejudice the Defendant and should be permitted.

      IT IS, THEREFORE, ORDERED that the Defendant's Motion to Compel Discovery is hereby **granted** in part and **denied** in part, as set out above. The Plaintiffs shall complete the

designation of their original experts on or before February 2, 2007.  The Plaintiffs shall serve the social security records, tax records, and earning statements at issue on or before February 9, 2007.

IT IS FURTHER ORDERED that the Plaintiffs' Motion for Leave to Designate Additional Expert is hereby **granted**, and they shall serve a complete designation of the expert to which they refer in their Motion on or before February 9, 2007.

IT IS SO ORDERED this the 24th day of January, 2007.

                                             S/Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE