**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**LIONEL AND CYNTHIA FRANCOIS**                                                        **PLAINTIFFS**

**VS.**                                        **CIVIL ACTION NO. 3:06CV434BA**

**COLONIAL FREIGHT SYSTEMS, INC.**                                       **DEFENDANTS**

## ORDER

This cause is before the Court on the Defendant's Motion for Protective Order and to Strike Certain Portions of the Federal Rule of Civil Procedure 30(b)(6) Video Deposition of Colonial Freight Systems, Inc. Filed by the Plaintiffs, to which the Plaintiffs object.  There is no indication that the parties have engaged in a good faith conference to resolve the issues raised in the Motion. Fed. R. Civ. P. 26(c) requires a party moving for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties not making the disclosure in an effort to resolve the dispute without court action . . . ."  Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge."  Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order.

Usually, this deficiency is discovered earlier in the briefing process, and the court denies the motion forthwith, without prejudice to the filing of another motion will the requisite certificate. However, because the court did not discover the lack of a certificate earlier, because the briefing process is complete (the Defendant having notified the court that no rebuttal pleading will be submitted), and because the deposition at issue is imminent, the court will consider the individual issues raised in the Motion on their merits, as follows:

**Topic No. 3:**  Any and all documents, papers, photographs, statements, reports, information or other tangible documents regarding the subject incident which are in Colonial's possession.

**Ruling:**  Fed. R. Civ. P. 30(b)(6) requires a party seeking a corporation's deposition to describe "with reasonable particularity the matters on which examination is requested."  The court is of the opinion that this Topic does not comply with that requirement, and the Motion will be granted as to this Topic.

**Topic No. 9:**  Corporate structure of Colonial, but not limited to: (i) corporate organization type, (ii) identity, address and phone number of its CEO, (iii) identity, address and phone number of its CFO, (iv) identity, address and phone number of the members of the board of directors (v) types of stock offered; (vi) identity, address and phone number and job description of any and all managers, drivers, operators, customer service representatives, and etc.

**Ruling:**  Colonial objects only to sub-category vi, and the court is of the opinion that this request is overly broad.  The Motion will be granted as to this sub-category of this Topic.

**Topic No. 10:**  Identity, address, phone number and rate of compensation for current owners of Colonial and the percentage of ownership for each; length of time each has held or maintained ownership status; owners of Colonial at the time of the subject incident.

**Ruling:**  Colonial objects to this Topic, arguing that it is an attempt to "pierce the corporate veil."  The court is of the opinion that the Plaintiffs are entitled to some information on the ownership of the company they are suing.  The Motion will be denied as to this Topic.

**Topic No. 11:**  Colonial's explanation as to how and why the subject accident occurred, including all versions of the facts concerning the accident which have been brought to Colonial's attention, including the identity of the person with actual knowledge of those facts, regardless of

2

whether Colonial adopts any particular version of those facts, or other facts pertaining to the accident.

**Ruling:**  Colonial objects to this Topic on grounds that it is "duplicative of area of inquiry number 1." The court is not offended by a notice that describes a matter on which examination is sought in more than one topic, so long as the Plaintiffs understand that they will not be permitted to repeat the questions asked of any individual deponent. The Motion will be denied as to this Topic.

**Topic No. 12:**  Complete investigation, report, statements, findings and or conclusions of Colonial's internal investigation of the accident in question; and any state and/or federal laws or regulations which required Colonial to make investigations into accidents similar to the one at issue in the lawsuit.

**Ruling:**  To the extent that the Plaintiffs are asking a deponent to express a legal opinion as to its investigative obligations, the Motion will be granted. However, the Plaintiffs may question a deponent as to the company's understanding of its obligation to investigate accidents such as this one. The Plaintiffs may also inquire as to the conduct and results of the investigation of the accident in question.

**Topic No. 13:**  Names, addresses, phone numbers and specific evidence of other parties you contend are responsible for the accident in question (other than those listed in plaintiffs' complaint), regardless of whether you contend there are conflicting versions of the facts pertaining to the accident in question.

**Ruling:**  Part of Colonial's objection to this Topic is that it duplicates information sought via a request for admission. A deposition is fundamentally different from paper discovery, and the fluid nature of the inquiry may lead an examiner to information he would not have obtained

3

otherwise. Thus, the court will not foreclose a party from seeking deposition testimony on a subject solely because it was already covered by a different form of questioning, particularly since Fed. R. Civ. P. 26(d) permits a party to use methods of discovery "in any sequence." The Motion will be denied as to this Topic.

**Topic No. 14:** Colonial's explanation as to how the individuals and/or entities identified in paragraph 11 may be responsible for the occurrence of the subject incident, regardless of whether you contend there are conflicting versions of the facts pertaining to the accident in question.

**Ruling:** Colonial's objection is based on "duplicity," and for the reasons given earlier, the Motion will be denied as to this Topic.

**Topic No. 16/Ruling:** This Topic is lengthy and will not be quoted in its entirety; however, it seeks extensive information on Reginald Chapman, the driver of the truck involved in the subject accident. Colonial objects to the Topic as being overly broad. Having reviewed the sub-categories of this Topic, the court finds that they are sufficiently tailored and appropriate, with these exceptions: xvi, xvii, and xviii, and xix. Each of these sub-categories seeks information regarding statements Chapman made to law enforcement or government officials or agencies. To the extent that Colonial can identify a representative with knowledge of these topics, it should do so; however, Colonial will not be obligated to seek out this information. With that restriction, the Motion will be denied as to this Topic.

**Topic No. 19:** Identify separately the number of hours and miles driven by Reginald Chapman on average for each day beginning January 1, 2005, or the date of his hire (whichever is earlier), up to and including the date and time of the accident in question; if you do not have supporting documents, driver's logs, computer records, or other data from which you could obtain

this information, please explain why you do not have the documents or computer records, and identify any and all state and federal laws and regulations which you claim absolve you from the necessity of maintaining said documents and records; and the date(s) you destroyed or otherwise disposed of the requested documents from your records.

**Ruling:**  Colonial states that the Federal Motor Safety Carrier Act does not require it to keep drivers' records longer than six months; therefore, it characterizes this request for information as "impossible." The court finds that Colonial can partially respond to this Topic; therefore, the Motion should be denied.  However, Colonial will only be required to give information on Chapman's driving records from the documents that it has retained.

**Topic No. 20:**   The identity, address, phone number, position with Colonial, and rate of compensation of Reginald Chapman's immediate supervisor at the time of the accident in question.

**Ruling:**   The court disagrees with Colonial's characterization of this Topic as an attempt to pierce the corporate veil; however, the Motion will be granted with regard to the supervisor's compensation, but denied as to the remaining information.

**Topic No. 24:**   Describe the maintenance policies, procedures and/or regulations within Colonial for its trucks.

**Ruling:**   Colonial argues that the term "trucks" is overly broad and that this Topic should be restricted to Chapman's truck or another of the same model and type.  The court cannot make a determination as to whether this Topic is burdensome in the absence of any information on the number, type, or uses of Colonial's trucks.  As the moving party, Colonial bears the burden of explaining why information should not be produced; therefore, the Motion will be denied as to this Topic.

**Topic No. 25:**   Safety policies, procedures, regulations and/or standards employed by Colonial during, preceding and subsequent to the accident in question.

**Ruling:**  The court agrees with Colonial that this Topic is overly broad and indefinite, as it could include policies regarding office safety.  The Motion will be granted as to this Topic.

**Topic No. 26:**   Safety policies, procedures, regulations and/or standards employed by Colonial to prevent accidents like the one in question.

**Ruling:**   Colonial argues that this Topic is circular and argumentative and should be stricken.  The court agrees that it is ambiguous, and, although it is normally reluctant to substitute its language in a discovery request, in the interest of expediency, will grant the Motion as to this Topic, but only as follows: Colonial must designate a witness who can testify regarding its safety policies, procedures, regulations and/or standards that would have applied to Chapman's operation of the subject vehicle at the time of the accident at issue.

**Topic No. 28:**   All complaints or civil actions filed against Colonial alleging negligence; gross negligence; negligent supervision, control, training or etc; loss of consortium; or any kind of action wherein your company was alleged of any kind of wrongdoing.

**Ruling:**  This Topic is overly broad, and the Motion will be granted as to it.

**Topic No. 29:**   The corporate structure, ownership, and shareholder interest in Colonial.

**Ruling:**   As stated earlier, the Plaintiffs are entitled to information regarding Colonial's corporate structure, and the Motion will denied as to this Topic.

**Topic No. 30:**   Identify all individuals responsible for the management, supervision and control of Colonial Freight Systems.

**Ruling:**  This Topic is overly broad.  The Motion will be granted as to this Topic, except that Colonial should designate a witness who can discuss the chain of command from Chapman through the CEO of Colonial.

**Topic No. 31:**  Colonials' net worth, current liquidity, and assets held (relevant to the claim for punitive damages asserted by Plaintiffs).

**Ruling:**  Fair and reasonable parameters of discovery on the issue of the net worth of a defendant is a difficult issue for a court.  Certainly, where punitive damages are appropriate, the wealth of a defendant is a legitimate element of inquiry and proof.  A plaintiff should be allowed an adequate opportunity to prove a legitimate punitive damage claim.  On the other side of the balance, by simply inserting a claim for punitive damages in a pleading, a plaintiff should not be able to have *carte blanche* access to the private financial life of a defendant.  A reasonable balance is struck by requiring the defendant to bring to trial a sworn financial statement, fairly outlining, under the penalty of perjury, the defendant's assets, liabilities, and net worth.  Thus, the Motion will be granted to the extent that the financial statement shall be held and maintained as private by the Defendant and the Defendant's attorney until such time as the court rules that punitive damages are an appropriate subject for the jury's consideration.

**Topic No. 32:**  Knowledge of similar accidents which Colonial has had in the past five (5) years.

**Ruling:**  Colonial argues that this Topic is overly broad; the Plaintiffs argue that it is reasonable.  Neither party gives any suggestion as to how it could be narrowed, and, in the absence of a good faith conference, neither may have considered alternative wording.  The Motion will be denied as to this Topic; however, Colonial should designate a witness who can testify as to vehicular

7

accidents involving a vehicle owned by or operated on behalf of Colonial that involved another vehicle and in which Colonial was either found to be or admitted to be at fault, within the last five years.

**Topic No. 39:**   With respect to the vehicle involved in the accident, give its complete configuration (including at least the following information); (i) the style of vehicle; (ii) the weight of vehicle; (iii) empty weight of the vehicle; (iv) what the load was at the time of the accident in question; (v) the weight of the load at the time of the accident in question; (vi) length, width, and height of the vehicle in question; (vii) licenses held by Reginald Chapman, prior to, subsequent to and at the time of the accident in question; (viii) the make and model of the vehicle; (ix) the make and model and gear ratio of the rear end; (x) the make and model of transmission; (xi) the speed potential of the vehicle as configured; (xii) the maximum weight recommended to be carried in the vehicle by the manufacturer; (xiii) the maximum weight recommended to be carried in the vehicle by the manufacturer; (xiii) the name of the manufacturer of the subject vehicle; (xiv) any and all safety features of the subject vehicle.

**Ruling:** Colonial objects to this Topic on grounds that it did not own the vehicle and that its specifications have already been given to Plaintiffs' counsel.  Nonetheless, the court finds that no particular burden would be placed on Colonial by designating a witness to give this information.  So long as the Plaintiffs are not seeking information that is either burdensome, not reasonably calculated to lead to the discovery of admissible information, or otherwise objectionable, the court will permit them to make this inquiry.

**Topic No. 40:**   Identify each document, paper, photograph, report, statement, object and/or thing in the possession of Colonial and/or its owners which is relevant to the nature, extent and degree of Plaintiff's injuries suffered as a result of the accident in question.

**Ruling:**   Although the court has earlier ruled that a claim of duplicity, in and of itself, will not invalidate an otherwise acceptable deposition topic, in this instance, Colonial has identified these documents during paper discovery efforts, **and** further questioning on this extensive subject would be unduly burdensome.  Thus, the Motion will be granted as to this Topic.

**Topic No. 45:**   Identify Colonial's safety policies and procedures regarding accidents like the one in question.

**Ruling:**   The court's opinion on this Topic is that it should be governed by the ruling on Topic No. 26.

**Topic No. 46:**   State the duty Colonial had to exercise control over Reginald Chapman on the date of the accident.

**Ruling:**   This Topic calls for a legal conclusion, and the Motion will be granted as to it.

**Topics No. 48 - 51/Ruling:**   Without quoting these Topics verbatim, they seek information regarding a company called "Phoenix Leasing of Tennessee, Inc."  Colonial argues that Phoenix is not a party to this lawsuit, which the court finds to be a reasonable explanation for objecting to these Topics of inquiry.  In response, the Plaintiffs have not explained why they believe Colonial's relationship with this company is relevant to the issues of this lawsuit, except to state that their expert has concluded that the relationship between Colonial and Phoenix is "questionable."  The court finds this explanation to be inadequate to support any line of questioning regarding Phoenix, and the Motion will be granted as to this Topic.

IT IS, THEREFORE, ORDERED that the Defendant's Motion for Protective Order and to Strike Certain Portions of the Federal Rule of Civil Procedure 30(b)(6) Video Deposition of Colonial Freight Systems, Inc. Filed by the Plaintiffs is hereby **granted** in part and **denied** in part, as explained above.

IT IS SO ORDERED this the 2nd day of March, 2007.

S/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
