# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**LIONEL AND CYNTHIA FRANCOIS**                                                **PLAINTIFFS**

**VS.**                                                **CIVIL ACTION NO. 3:06CV434BA**

**COLONIAL FREIGHT SYSTEMS, INC.**                                        **DEFENDANTS**

## ORDER

This cause is before the Court on the Plaintiffs' Motion for Protective Order, their Motion for Leave to Amend Complaint for Continuance of Trial Date and for Entry of Amended Scheduling Order, and the Defendant's Motion for Additional Medical Examination Pursuant to Federal Rule of Civil Procedure 35.  The Motion for Protective Order and the Motion for Additional Medical Examination are related to the proposed independent medical examination of Lionel Francois by a psychiatrist, which would be the third IME of the Plaintiff.  Neither of the Motions is accompanied by the Certificate of Good Faith required by Unif. Local R. 37.1(A).  The court has reviewed the Motions and is of the opinion that a third examination of the Plaintiff is not justified in this matter. Therefore, the Motion for Protective Order will be granted, and the Motion for Additional Medical Examination will be denied.

The Motion for Leave to Amend seeks to add another Defendant, Phoenix Leasing of Tennessee, Inc.  In ruling on an earlier emergency Motion regarding the 30(b)(6) deposition of Colonial, the court did not have the benefit of the information about Phoenix that is contained in this Motion, and questioning regarding the relationship between Colonial and Phoenix was precluded. If the court was inclined to grant the Motion to Amend, the prior ruling would have to be amended. The court is not so inclined.

The Case Management Plan Order set a deadline of November 20, 2006, to amend pleadings. Once a schedule for amendment has been set by the court, the decision to permit a late amendment is is governed by the rationale of *S&W Enterprises v. Southtrust Bank*, 313 F.3d 533 (5th Cir. 2003). In that case, the court held that, once a scheduling order has been entered by the court, the decision to allow an amended complaint is controlled by Fed. R. Civ. P. 16(b), rather than the often quoted Rule 15 ("[L]eave shall be freely given when justice so requires."). Rule 16(b) states that the schedule set by the court "shall not be modified except upon a showing of good cause . . . ."). In determining whether good cause is shown, *S&W Enterprises* sets forth a four-part test, requiring the court to consider "(1) the explanation for the failure to [timely move for leave to amend] (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536, quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

Here, there is no explanation for the delay in seeking an amendment. Moreover, the proposed amended complaint is not attached, and the court cannot determine whether an amendment might affect its jurisdiction. *Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003). For these reasons, the Motion to Amend will be denied. The parties have jointly requested a trial continuance and an amendment of the Case Management Plan Order; however, the court finds that, in the absence of an amendment to permit the addition of a party, good cause has not been shown for further delay in the resolution of this matter.

IT IS, THEREFORE, ORDERED as follows:

1. The Plaintiffs' Motion for Protective Order is hereby **granted**.

2. The Defendant's Motion for Additional Medical Examination Pursuant to Federal Rule of Civil Procedure 35 is hereby **denied**.

3. The Plaintiff's Motion for Leave to Amend Complaint for Continuance of Trial Date and for Entry of Amended Scheduling Order is hereby **denied**.

IT IS SO ORDERED this the 2nd day of March, 2007.

                                       S/Linda R. Anderson
                               UNITED STATES MAGISTRATE JUDGE