```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

**LIONEL and CYNTHIA FRANCOIS**                                    **PLAINTIFFS**

VS.                                    CIVIL ACTION NO. 3:06-cv-434-WHB-LRA

**COLONIAL FREIGHT SYSTEMS, INC.,**
**and JOHN DOES 1-5**                                              **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant to Dismiss Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure ("Motion to Dismiss") or, in the alternative, for Continuance ("Motion for Continuance"). The Court has considered the Motion and Supplement, Response, Rebuttal, attachments to each, as well as supporting and opposing authority, and finds that the Motion to Dismiss is not well taken and should be denied, and that the alternative Motion for Continuance is well taken and should be granted.

### I. Factual Background and Procedural History

The subject of the above referenced case is an automobile/tractor trailer accident that occurred on December 19, 2005. Plaintiff, Lionel Francois ("Francois"), claims he sustained neurological and musculoskeletal injuries including damage to his clavicle and left upper extremity as a result of the accident. On November 30, 2006, Plaintiffs responded to the first set of interrogatories and requests for production propounded by

Defendant, Colonial Freight Systems, Inc. ("Colonial"). Through Interrogatory No. 17, Francois was asked to:

> Please identify all of your mental or physical injuries or disabilities, if any, existing prior to the date of the accident and the health care providers who treated you for those mental or physical injuries or disabilities you claim are related to the accident in question.

Francois responded:

> Plaintiff was involved in two (2) minor automobile accidents which resulted in very minor physical injuries. Prior to the accident in question, Plaintiff has not had any significant mental or physical injuries.

Mot. to Dismiss, Ex. D. Through Interrogatory No. 28, Francois was also asked to:

> Please identify by date, location and parties involved, all vehicular accidents in which you were either a passenger or driver and state the injuries received therein, if any, whether suit was filed, and the disposition thereof.

Francois responded:

> Notwithstanding the accident which is the subject of the instant litigation, Plaintiff states the following:
>
> (i) December 11, 2002 accident; Lionel Francis was the driver; State Farm Insurance Company was Mr. Francois' carrier and compensated him for his losses. State Farm was not able to locate the responsible party(ies).
>
> (ii) March 18, 2002 accident; Lionel Francis was the driver; State Farm Insurance Company was Mr. Francois' carrier and compensated him for his losses. State Farm was not able to locate the responsible party(ies).

Mot. to Dismiss, Ex. D.

On March 8, 2007, Colonial claims it began receiving copies of Francois' medical records, which show that his discovery responses

are false.  For example, according to the records Francois was involved in a motor vehicle accident on March 24, 2003, and was transported to the University Medical Center in Jackson, where he was diagnosed as having, *inter alia*, an intracranial hemorrhage with loss of consciousness, a severe concussion, ante grade amnesia, persistent headaches, a mild traumatic brain injury, and shoulder pain.  Neither the accident nor the injuries sustained as a result of that accident were disclosed in Francois' discovery responses.  Colonial also received medical records indicating that Francois had previously been treated for a cerebral artery occlusion with cerebral infarction as well as injury to the left shoulder.  This information was not disclosed in discovery even though Francois was specifically asked to identify all mental or physical injuries/disabilities existing prior to the date of the subject motor vehicle accident.

Colonial now seeks dismissal of Plaintiffs' Complaint based on the aforementioned discovery violations.

## II.  Legal Analysis

Under Rule 37 of the Federal Rules of Civil Procedure, a court may dismiss an action as a means of sanctioning a party that has refused to abide by a discovery order.  See O'Neill v. AGWI Lines, 74 F.3d 93, 95-96 (5th Cir. 1996).  In an extreme case, one in which the refusal to obey a court order is willful or contumacious,

and the egregious conduct is attributable to the plaintiff rather than his attorney, the court may dismiss the action without prejudice. See Coane v. Ferrara Pan Candy, Co., 898 F.2d 1030, 1032 (5th Cir. 1990). Colonial brings its Motion to Dismiss pursuant to Rule 37(c), which permits a court to sanction a party who fails to supplement pre-discovery disclosures. The Court finds, however, because Colonial seeks dismissal based on Plaintiffs' alleged failure to disclose material information in discovery, that its Motion to Dismiss should be considered under Rule 37(b)(2)(C), which provides, in relevant part:

> (b)(2)  If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>     ....
>
> (C)  An order ... dismissing the action or proceeding ... against the disobedient party.

When considering whether to dismiss a case pursuant to Rule 37(b)(2)(C), a district court considers whether: (1) the "failure to comply with [a] court's order results from bad faith, and not from the inability to comply," (2) "the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions", (3) "the other party's preparation for trial was substantially prejudiced," and (4) the "neglect is plainly attributable to an attorney rather that a blameless client, or when a party's simple negligence is grounded in confusion or sincere

4

misunderstanding of the court's order." Bluitt v. Arco Chem. Co., 777 F.2d 188, 190-91 (5th Cir. 1985) (citations omitted).

In the case *sub judice* it is clear that discovery violations have occurred as material information was excluded from Plaintiffs' discovery responses. After reviewing the record, the Court finds that these discovery violations likely resulted because of careless lawyering on the part of Plaintiffs' attorneys as opposed to willful, deliberate conduct on the part of Plaintiffs themselves. First, with regard to the failure to disclose prior automobile accidents, Plaintiff Cynthia Francois avers that she informed her attorney of the December 2002 and March 2003 automobile accidents involving Francois, and the injuries he received. See Resp. to Mot. to Dismiss, Ex. D (C. Francois Affidavit) at ¶ 3. Counsel for Plaintiffs allegedly had knowledge of two automobile accidents involving Francois, one on December 11, 2002, and the other on March 18, 2003, through prior communications with State Farm Insurance Company, Francois' automobile insurance carrier. Id., Ex. C (Jones Affidavit) at ¶ 4. Both of these accidents were disclosed to Colonial. Counsel for Plaintiff claims that the March 24, 2003, accident was not disclosed in Plaintiffs' discovery responses because (1) he did not have personal knowledge of that accident and (2) he believed the March of 2003 accident referenced by Cynthia Francois was the accident that occurred on March 18,

2003.[1]  Id., Ex. C (Jones Affidavit) at ¶¶ 5, 7.  Based on these averments, it appears that the omission of the March 24, 2003, accident from Plaintiffs' discovery responses was not caused by their attempt to conceal information but, instead, resulted because their attorneys failed to ascertain whether Francois had been involved in more than one accident during the month of March, 2003.

Second, a review of Francois' medical records clearly establishes that Plaintiffs failed to disclose all of his pre-existing physical or mental injuries.  A question, however, exists as to whether this failure resulted because of a lack of understanding as opposed to a lack of candor.  Although Colonial requested Francois to "identify all of [his] mental or physical injuries or disabilities, if any, existing prior to the date of the accident and the health care providers who treated [him] for those [injuries]", it appears, based on the affidavit of Cynthia Francois, that she understood the question as inquiring only as to whether Francois sustained "significant injuries" as a result of his prior accidents.  Id., Ex. D at ¶ 3.  See also Id., Ex. D at ¶ 5 (averring that Cynthia Francois did not believe that Francois had other "serious" medical problems).  The Court finds that in the event Plaintiffs were asked, or mistakenly believed they were being

---

[1]  The March 24, 2003, accident allegedly occurred while Francois was acting within the course of scope of his employment. As the accident was work-related, the claim arising from that accident was submitted to Francois' employer's liability insurer for coverage.  Resp. to Mot. to Dismiss, Ex. C at ¶ 7.

asked, only whether Francois had "significant" or "serious" preexisting injuries and/or medical problems, and therefore allowed to interject their own subjective beliefs regarding the gravity and/or materiality of his prior medical conditions, the omissions in their discovery responses likely resulted because of confusion, and not willful conduct.

In sum, based on its review of the record, the Court cannot presently find that the omissions in Plaintiffs' discovery responses resulted because they were acting in bad faith or were otherwise deliberately attempting to conceal material information. The Court, however, does find that Plaintiffs' discovery responses are inadequate, and that the ability of Colonial to prepare this case for trial has been prejudiced as a result thereof. Accordingly, the Court will require Plaintiffs to fully supplement their discovery responses, and will enter additional discovery Orders it deems necessary to have this case proceed to trial in a timely manner.  Recognizing that additional time will be required to allow the parties to comply with the Orders below, the Court will grant the Motion of Colonial for Continuance.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion and Supplemental Motion of Defendant to Dismiss Pursuant to Rule 37 of the Federal

Rules of Civil Procedure or, in the alternative, to Continue this Matter for Trial and Enter a Revised Case Management Order [Docket Nos. 90 and 95] are hereby granted in part, and denied in part.  To the extent Defendant seeks dismissal of Plaintiffs' Complaint pursuant to Rule 37, the Motions are denied.  To the extent Defendant seeks a continuance, the Motions are granted.

IT IS FURTHER ORDERED that Plaintiffs shall confer, in person, with their attorneys in order to prepare supplemental discovery responses.

IT IS FURTHER ORDERED that Plaintiffs shall provide fully supplemented discovery responses to Defendant on or before May 4, 2007.  The supplemental discovery responses shall include:

(1) Written verification, including the date and times, that Plaintiffs conferred, in person, with their attorneys in order to prepare their supplemental discovery responses;

(2) Copies of all of Francois' medical records currently in the possession of Plaintiffs' attorneys.  Copies of these records shall be produced to Defendant in the same manner as which they were received, and at Plaintiffs' expense;

(3) Any alias or alternate name under which Lionel Francois may have received medical treatment;

(4) The date, location, and parties involved in all motor vehicle accidents in which Lionel Francois was either a passenger or driver.  Plaintiffs shall also specifically

identify (a) the nature and type of injuries sustained by Lionel Francois as a result of those accidents, if any; (b) the medical facilities at which, and/or health care providers from whom, Lionel Francois received treatment for injuries arising from or related to any motor vehicle accidents; (c) whether a lawsuit or Workers' Compensation claim was filed as a result of those accidents; and (d) the disposition of any lawsuit or claim.

(5) Identification of all of Lionel Francois' mental or physical injuries or disabilities existing prior to the date of the subject accident and the health care providers who treated him for those mental or physical injuries or disabilities. Plaintiffs shall also disclose (a) the name, address, and telephone number if known, of any health care provider, including but not limited to hospitals, emergency rooms, in or out patient clinics, physicians, psychologists, therapists and/or counselors, from whom Lionel Francois has received medical, mental, psychological, or emotional treatment from 1995 to present; and (b) the nature of the medical treatment received from such health care providers.

(6) Written verification, signed by Plaintiffs and their attorneys of record under a penalty of perjury, that the

information contained in their supplemental discovery responses is true, accurate, and complete.

IT IS FURTHER ORDERED that in the event it is determined that any material information has been excluded from Plaintiffs' supplemental discovery responses, this case will be dismissed in accordance with Rule 37 of the Federal Rules of Civil Procedure and the Court will determine what, if any, additional sanctions should be imposed against Plaintiffs' attorneys of record.

IT IS FURTHER ORDERED that Plaintiffs shall be deposed between May 7, 2007, and May 25, 2007.  To this end, counsel for Plaintiffs shall provide counsel for Defendant five possible dates on which Plaintiffs may be deposed.  Plaintiffs' deposition shall begin on the date they are noticed, and shall continue every day thereafter until complete.  In the event Plaintiffs (a) fail to appear at their properly noticed deposition; (b) refuse to answer any question except on the basis of attorney/client or other privilege recognized by the Rules of this Court, which shall be stated with specificity into the record; or (c) unilaterally terminate the deposition before it is complete without good cause, this case will be dismissed in accordance with Rule 37 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Reginald Chapman ("Chapman") shall be deposed between May 29, 2007, and June 15, 2007.  To this end, counsel for Defendant shall provide counsel for Plaintiffs five

possible dates on which Chapman may be deposed, on or before May 7, 2007.  Chapman's deposition shall begin on the date it is noticed, and shall continue every day thereafter until complete.  In the event counsel for Plaintiffs fails to appear at the properly noticed deposition of Chapman without good cause, they will be assessed all costs related to that deposition, and will be required to seek leave of Court to reschedule his deposition.

IT IS FURTHER ORDERED that the expert witnesses designated by Defendant shall have until May 14, 2007, to supplement their Expert Reports, if they so choose, based on information contained in Lionel Francois' medical records.

IT IS FURTHER ORDERED that discovery in this case shall be completed on or before June 15, 2007, and dispositive motions shall be filed with the Court on or before June 29, 2007.

IT IS FURTHER ORDERED that a pre-trial conference shall be scheduled for September 7, 2007, and trial shall be scheduled during the October 2007 calendar of this Court, which will begin on October 1, 2007.

IT IS FURTHER ORDERED that the Motion of Defendant to Toll Dispositive Motion Deadline to Allow the Court to Rule on Defendant's Motion to Dismiss [Docket No. 102] is hereby denied as moot.

SO ORDERED this the 3rd day of May, 2007.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE