IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LIONEL AND CYNTHIA FRANCOIS                          **PLAINTIFFS**

VS.                              CIVIL ACTION NO 3:06-cv-434-WHB-LRA

COLONIAL FREIGHT SYSTEMS, INC.,
PHOENIX LEASING OF TENNESSEE, INC.,
and JOHN DOES 1-5                                    **DEFENDANTS**


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion of Defendant
Colonial Freight Systems, Inc., for Partial Summary Judgment on the
issue of punitive damages.  The Court has considered the Motion,
Response, Rebuttal, attachments to each, as well as supporting and
opposing authorities and finds that the Motion is well taken and
should be granted.[1]


**I.   Factual Background and Procedural History**

The subject lawsuit arises out of a motor vehicle/tractor
trailer accident that occurred on December 19, 2005.  At the time
of the accident, Ronald Chapman ("Chapman") was driving a tractor
trailer for Defendant Colonial Freight Systems, Inc. ("Colonial")

---

[1]  Plaintiffs request a hearing on the subject motion for
partial summary judgment.  Pursuant to Rule 7.2(F)(1) of the
Uniform Local Rules of the United States District Court for the
Northern and Southern Districts of Mississippi: "All motions
shall be decided by the court without a hearing or oral argument
unless otherwise ordered by the court ... in its discretion, upon
written request made by counsel..."  As the Court finds it can
decide the subject motion for partial summary judgment on the
pleadings, Plaintiffs' request for a hearing is denied.

when he rear-ended a vehicle that was being driven by Plaintiff Lionel Francois ("Francois"). The tractor Chapman was driving had been leased from Defendant Phoenix Leasing of Tennessee, Inc. ("Phoenix"). Chapman was not cited for any traffic violations by the police officers who responded to the accident scene, and those officers did not suspect that he had been driving under the influence of alcohol or other substances.

On August 8, 2006, Francois and his wife (collectively, "Plaintiffs") filed this lawsuit arising from the injuries allegedly sustained by Francois in the subject accident. The Compliant, which was filed in this Court, alleged claims of negligence; negligent hiring, retention, supervision, and control; gross negligence; respondeat superior; and loss of consortium against Colonial, and sought greater than $75,000 in actual and punitive damages. On May 29, 2007, with leave of Court, Plaintiffs filed an Amended Complaint naming Phoenix as an additional defendant, and alleging the same causes of action against Phoenix.

Federal subject matter jurisdiction in this case is predicated on diversity of citizenship jurisdiction. As Plaintiffs are citizens of the State of Mississippi, Defendant Colonial is an Alabama corporation with its principal place of business in the State of Tennessee, and Defendant Phoenix is a Tennessee corporation with its principal place of business in the State of Tennessee, the Court finds that the diversity of citizenship

requirement of 28 U.S.C. § 1332 is satisfied.  Further, as Plaintiffs seek greater than $75,000 in actual and punitive damages, see Amended Compl. at ¶ 1, the Court finds the amount in controversy requirement of 28 U.S.C. § 1332 is likewise satisfied. Accordingly, the Court finds it may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

For the purposes of this litigation, Colonial has admitted that Chapman was its employee when the subject accident occurred. Colonial has also admitted a duty and breach of duty on the part of Chapman, but denies Plaintiffs' allegations with respect to damages.  Colonial now moves for summary judgment on Plaintiffs' punitive damages claim.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary

4

judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Legal Analysis

In response to the subject Motion for Partial Summary Judgment on the issue of punitive damages, Plaintiffs first argue that the Motion is premature because they have not yet conducted discovery against Defendant Phoenix in this case.  On this issue, Rule 56(f) of the Federal Rules of Civil Procedure provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

The United States Court of Appeals for the Fifth Circuit has found that to avail itself to Rule 56(f), a party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts."  <u>Beatty v. Madison County Sch. Dist.</u>, 254 F.3d 595, 606 (5th Cir. 2001) (quoting <u>Krim v. BancTexas Group, Inc.</u>, 989 F.2d 1435, 1442 (1993)).  Instead, a party "must show (1) why it needs additional discovery and (2) how that discovery will

create a genuine issue of material fact." Id. (citing Stearns
Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 535 (5th Cir. 1999))
(alterations in original).  In the case *sub judice*, Plaintiffs have
not submitted an affidavit as required to stay consideration of a
motion for summary judgment pending discovery, and have not
indicated either the reason additional discovery is necessary or
the manner in which discovery will create a fact issue.
Additionally, the record shows that after the subject motion for
partial summary judgment was filed, the case management order was
amended to permit discovery from Phoenix, and that such discovery
has been obtained.  Plaintiffs have not, however, supplemented or
sought leave to supplement their Response to the subject motion.

For these reasons, the Court finds that Plaintiffs' first
objection to the Motion for Partial Summary Judgment on the issue
of punitive damages lacks merit and should be denied.

Second, relying on the Mississippi Supreme Court decision in
Bradfield v. Schwartz, 936 So. 2d 931 (Miss. 2006), Plaintiffs
argue the statute governing punitive damages in Mississippi
"requires that evidence concerning punitive damages be presented
separately at a subsequent evidentiary hearing to take place, if
and only if, the jury has awarded some measure of compensatory
damages."  Resp. to Mot. for Partial Sum. J., at ¶ 10.  The Court
disagrees.

As explained in <u>Barnett v. Skelton Truck Lines, Ltd.</u>, Civil Action No. 2:05-cv-2047, 2006 WL 2056632, at *4 (S.D. Miss. Jul. 21, 2006):

> This court concludes that the plaintiff is reading <u>Bradfield</u> much too broadly. The <u>Bradfield</u> court specifically held that the burden is on the plaintiff to show that a question of fact exists to warrant the submission of the issue of punitive damages to the jury. There is no language in the opinion which negates the use of summary judgment to test the plaintiff's evidence. Whether the plaintiff's burden is satisfied is still subject to the summary judgment requirement that the plaintiff show that a genuine issue of material fact exists which warrants the punitive claim surviving to the trial stage. The court does not find that <u>Bradfield</u> has changed existing summary judgment procedures.

Agreeing with this analysis, the Court finds that the decision in <u>Bradfield</u> does not bar a court from considering the issue of punitive damages at the summary judgment stage. <u>See</u> e.g. <u>Powell v. Liberty Mut. Ins. Co.</u>, Civil Action No. 2:05-cv-79, 2007 WL 1234974, at *10 (S.D. Miss. Apr. 26, 2007) (granting summary judgment on issue of punitive damages after <u>Bradfield</u> was decided); <u>Cone Solvents, Inc. v. Corvin</u>, Civil Action No. 1:05-cv-419, 2007 WL 628501, at *3 (S.D. Miss. Feb. 24, 2007) (same); <u>Barnett</u>, 2006 WL 2056632, at *4; (S.D. Miss. Jul. 21, 2006)(same). Additionally, the Mississippi Supreme Court recently affirmed the entry of summary judgment on the issue of punitive damages by the trial court, while reversing summary judgment on the underlying premises liability claim. <u>See</u> <u>Miller v. R.B. Wall Oil Co., Inc.</u>, No. 2005-CT-01966SCT, ___ So. 2d ___, 2007 WL 4260018, at *5 (Miss. Dec. 06,

2007).  Although <u>Miller</u> did not specifically discuss <u>Bradfield</u>, the Court finds this opinion persuasive on the issue of whether summary judgment may be entered under Mississippi law on the issue of punitive damages in cases in which a genuine issue of fact exists regarding liability.

For these reasons, the Court finds that Plaintiffs' second objection to the Motion for Partial Summary Judgment on the issue of punitive damages lacks merit and should be denied.

The Court will next consider the merits of the punitive damages claim.  Under Mississippi law, the recovery of punitive damages is disfavored and permitted only in extreme cases.  <u>See</u> <u>Life & Cas. Ins. Co. of Tenn. v. Bristow</u>, 529 So. 2d 620, 622 (Miss. 1988) ("Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and allowed with caution and within narrow limits."); <u>Gardner v. Jones</u>, 464 So .2d 1144, 1148 (Miss. 1985).  "When deciding whether to submit the issue of punitive damages to a trier of fact, the trial court looks at the totality of the circumstances, as revealed in the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard." <u>Bradfield</u>, 936 So. 2d at 936 (citing <u>Ross-King-Walker, Inc. v. Henson</u>, 672 So. 2d 1188, 1191 (Miss. 1996)).  Thus, "in order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the

aggregate of [the defendants'] conduct ... evidences willful or wanton conduct or the commission of a fraud." Id. at 937.

In support of its Motion for partial Summary Judgment on the issue of punitive damages, Colonial argues that such judgment is proper as there is no evidence that would warrant punitive damages against it in this case. Under Mississippi law, it is clear that a claimant must prove by "clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." See MISS. CODE ANN. § 11-1-65(1)(a) (emphasis added). In the case sub judice, Plaintiffs have not presented any evidence to show that Colonial "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud" as required to support a claim for punitive damages under Mississippi law. At best, Plaintiffs cite the actions taken, or failed to be taken, by Chapman at the time of the accident. See Resp. to Mot. for partial Sum. J., Ex. A (Morgan Dep.), at 49-50 (opining that Chapman's actions fell below the standards set forth for operators of commercial motor vehicles; that Chapman rear-ended a vehicle that was clearly there to be seen in front of him; that Chapman failed to search for other vehicles as evidenced by the fact that he rear-ended the vehicle driven by Francois; and that Chapman failed to

9

operate his tractor trailer in a safe manner).  Under Mississippi law, however, Chapman's conduct cannot be imputed to his employer for the purpose of awarding punitive damages.  See e.g. Doe v. Salvation Army, 835 So. 2d 76, 82 (Miss. 2003) (finding that punitive damages could not be awarded against an employer for acts of its employee in a case in which there was no evidence that (1) the employee's actions were taken in the scope of his employment, (2) the employer benefitted from the employee's actions; (3) the employer had any prior notice of the employee's actions until after the incident occurred; and (4) there was no evidence that the employer, as opposed to the employee, had acted with malice or gross negligence in the case).  See also Bradley v. Wal-Mart Stores, Inc., Civil Action No. 2:04-cv-360, 2006 WL 2792338, at *4 (S.D. Miss. Sept. 27, 2006) (citing Duggins v. Guardianship of Washington, 632 So. 2d 420, 423 (Miss. 1993¶) ("Under § 11-1-65, punitive damages may not be awarded unless the Plaintiff proves by clear and convincing evidence that the defendant against whom the punitive damages are sought acted with actual malice or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others. This statute "absolutely forecloses vicarious liability for punitive damages."); Decanter v. Builders Transport, Inc., Civil Action No. 3:95-cv-134, 1996 WL 408844, at *2 (S.D. Miss. Jul. 11, 1996) (finding, in accordance with Mississippi Code Annotated Section 11-1-65, that an employer

"cannot be liable for punitive damages on the basis of vicarious liability.").

Assuming, *arguendo*, that Chapman's actions could be imputed to Colonial for the purpose of awarding punitive damages, the Court finds that his alleged conduct does not rise to level necessary to justify such damages.  See e.g. Mayfield v. Johnson, 202 So. 2d 630, 631 (Miss. 1967) (finding that evidence that the defendant did not keep a proper lookout, did not have his car under control so as to avoid striking the rear end of the plaintiff's vehicle, and may have been traveling at a higher rate than the posted speed limit did not constitute gross negligence for punitive damages purposes). See also Decanter, 1996 WL 408844, at *2 ("Simple negligence resulting in a rear-end collision is insufficient to create an issue of material fact as to a punitive damages claim."); Wimbley v. Mathis, Civil Action No. 4:93-cv-208, 1994 WL 1890940, at *2-3 (N.D. Miss. Dec. 27, 1994) (finding that allegations that driver failed to keep his vehicle under proper control, failed to keep a proper lookout ahead, failed to obey a stop sign an yield the right of way, and failed to operate his vehicle in accordance with applicable statues, was not sufficient to establish gross negligence or reckless disregard for the purpose of awarding punitive damages under Mississippi law).

Having reviewed the pleadings before it, the Court finds that Plaintiffs have failed to establish a genuine issue of material

11

fact with regard to whether Chapman's alleged conduct, that is his alleged failure to operate his tractor trailer in a safe manner and failure to maintain a proper look-out for other vehicles, rises to the level necessary to award punitive damages under Mississippi law.  The Court additionally finds that even if Chapman's alleged conduct did rise to the necessary level, as a matter of Mississippi law, Colonial cannot be held vicariously liable for punitive damages based on his actions.  Accordingly, the Court finds that Colonial is entitled to summary judgment on Plaintiffs' punitive damages claim and that its Motion for Partial Summary Judgment on this claim should be granted.

## IV.   Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant Colonial Freight Systems, Inc., for Partial Summary Judgment on the issue of punitive damages [Docket No. 181] is hereby granted.

SO ORDERED this the 14th day of December, 2007.


                                   s/ William H. Barbour, Jr.
                                   UNITED STATES DISTRICT JUDGE