```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**LIONEL AND CYNTHIA FRANCOIS**                                    **PLAINTIFFS**

VS.                                    CIVIL ACTION NO 3:06-cv-434-WHB-LRA

**COLONIAL FREIGHT SYSTEMS, INC.,**
**PHOENIX LEASING OF TENNESSEE, INC.,**
**and JOHN DOES 1-5**                                              **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on two related motions. The first is the Motion of Defendant Colonial Freight Systems, Inc., to Dismiss, and the second is the Motion of Plaintiffs for an Evidentiary Hearing on the subject Motion to Dismiss. The Court has considered the Motions, Responses, Rebuttals, attachments to the pleadings, oral arguments by counsel for the parties, as well as supporting and opposing authorities and finds that the Motion for Evidentiary Hearing is well taken and should be granted[1] and that the Motion to Dismiss should be denied at the present time without prejudice.

---

[1] Pursuant to Rule 7.2(F) of the Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi: "All motions shall be decided by the court without a hearing or oral argument unless otherwise ordered by the court ... in its discretion, upon written request made by counsel..." Further, the Court, in its discretion, may hear oral arguments "at such time and place as may suit the convenience of the judge." To the extent the Court heard oral arguments on the subject Motion to Dismiss during the pre-trial conference that was held on December 14, 2007, the Court finds that Plaintiffs' Motion for Evidentiary Hearing should be granted.

## I. Discussion

On March 16, 2007, Defendant Colonial Freight Systems, Inc., ("Colonial") filed a Motion to Dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure based on Plaintiffs' failure to respond fully to certain interrogatories.  After reviewing the pleadings, the Court found that although discovery violations had occurred, those violations could not clearly be attributed to willful or deliberate conduct on the part of Plaintiffs. Thereafter, the Court denied the Motion to Dismiss and ordered Plaintiffs to supplement their prior discovery responses to include, *inter alia*: (1) written verification that Plaintiffs conferred, in person, with their attorneys in order to prepare their supplemental discovery responses; (2) information regarding any prior motor vehicle accident in which Lionel Francois ("Francois") was involved as well as the nature and type of injuries he sustained, the identity of the health care providers who treated him for said injuries, and information regarding whether a lawsuit was filed as a result of those accidents; and (3) the identity of all of Francois' mental or physical injuries or disabilities existing prior to the date of the subject accident and the health care providers who treated him for those mental or physical injuries or disabilities. See Opinion and Order of May 3, 2007 [Docket No. 127].

Colonial has now filed a second Motion to Dismiss arguing that Plaintiffs have again failed to comply with the discovery orders of this Court. In support of this Motion, Colonial has presented evidence that Plaintiffs, when supplementing their discovery responses, failed to disclose at least two prior automobile accidents in which Francois was involved, failed to disclose the medical treatment Francois received after the above referenced automobile accidents as well as the treatment he received following a crushing hand injury, and failed to disclose a lawsuit that was filed by Francois for injuries he allegedly sustained as a result of one of the above referenced automobile accidents. In response, Plaintiffs argue that they did not willfully or intentionally omit this information but, instead, attribute the omissions to Francois' alleged long and short-term memory loss.

As discussed in its prior Opinion and Order:

> Under Rule 37 of the Federal Rules of Civil Procedure, a court may dismiss an action as a means of sanctioning a party that has refused to abide by a discovery order. See O'Neill v. AGWI Lines, 74 F.3d 93, 95-96 (5th Cir. 1996). In an extreme case, one in which the refusal to obey a court order is willful or contumacious, and the egregious conduct is attributable to the plaintiff rather than his attorney, the court may dismiss the action without prejudice. See Coane v. Ferrara Pan Candy, Co., 898 F.2d 1030, 1032 (5th Cir. 1990)....
>
> When considering whether to dismiss a case pursuant to Rule 37(b)(2)(C), a district court considers whether: (1) the "failure to comply with [a] court's order results from bad faith, and not from the inability to comply," (2) "the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions", (3) "the other party's preparation for trial

>  was substantially prejudiced," and (4) the "neglect is plainly attributable to an attorney rather that a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's order." <u>Bluitt v. Arco Chem. Co.</u>, 777 F.2d 188, 190-91 (5th Cir. 1985) (citations omitted).

<u>See</u> Opinion and Order of May 3, 2007 [Docket No. 127], at 3-5.

The Court finds that additional discovery violations have clearly occurred as material information was again excluded from Plaintiffs' supplemental discovery responses.  Applying the four <u>Bluitt</u> factors to the record before it, the Court cannot find that the failure to comply with its prior Order resulted from bad faith, instead, it appears that the failure may have resulted from an inability to comply, given Francois' alleged memory loss.  Second, the Court finds that the deterrent value of Rule 37 in this case may be served by presently denying the subject Motion to Dismiss without prejudice thereby allowing Colonial to re-urge this Motion if it is later determined that Francois' alleged memory loss is a ruse or that it has been prejudiced by the discovery violations in this case.  Third, the Court finds, based on the record before it, that the ability of Colonial to prepare for trial has not been substantially prejudiced by the discovery violations that are presently known.  Again, should it appear at trial that Colonial has been prejudiced by these violations, Colonial may re-urge its Motion to Dismiss at that time.  Finally, based on Francois' alleged memory loss and the mis-communications between Plaintiffs and their attorneys, the Court must presently find that the

discovery violations in this case resulted because of inattention on the part of Francois' attorneys, as opposed to willful conduct by Francois himself.

The Court does not condone violations of its discovery orders, and has previously imposed sanctions, including dismissal, based on such violations. In the case *sub judice*, however, the Court finds that as the discovery violations may have resulted because of Francois' alleged memory loss, and as Colonial learned, albeit through its own efforts, of the information omitted in discovery with sufficient time to prepare for trial, this case should not yet be dismissed under Rule 37. Accordingly, the Court will deny the subject Motion to Dismiss, without prejudice, thereby allowing Colonial to re-urge this Motion if it is later determined that Francois' alleged memory loss is a ruse or that it has been prejudiced by the discovery violations that have occurred in this case.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Second Motion of Defendant Colonial Freight Systems, Inc., to Dismiss [Docket No. 147] is hereby denied, without prejudice. Colonial Freight Systems, Inc., will be allowed to re-urge this Motion if it is later determined that Francois' alleged memory loss is a ruse or that it has been

prejudiced by the discovery violations that have occurred in this case.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Evidentiary Hearing [Docket No. 170], to the extent the Court heard oral arguments on the subject Motion to Dismiss during the pre-trial conference that was held on December 14, 2007, is hereby granted.

SO ORDERED this the 20th day of December, 2007.

                                                          s/William H. Barbour, Jr.
                                                         UNITED STATES DISTRICT JUDGE