**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

LIONEL AND CYNTHIA FRANCOIS                          **PLAINTIFFS**

VS.                          **CIVIL ACTION NO 3:06-cv-434-WHB-LRA**

COLONIAL FREIGHT SYSTEMS, INC.,
PHOENIX LEASING OF TENNESSEE, INC.,
and JOHN DOES 1-5                          **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on four motions filed by the parties seeking to exclude evidence at trial.   The Court has considered the Motions, Responses, Rebuttals, attachments to the pleadings, the arguments made during the pre-trial conference that was held on December 14, 2007, as well as supporting and opposing authorities and finds:

The First Motion in Limine of Defendant Colonial Freight Systems, Inc., [Docket No. 203] should be granted in part, and denied in part.

The Motion of Defendant Colonial Freight Systems, Inc., to Strike Plaintiffs' Supplemental Expert Designation [Docket No. 213] should be granted.

The Second Motion in Limine of Defendant Colonial Freight Systems, Inc., [Docket No. 244] should be granted in part, and denied in part.

The Plaintiffs' Motion in Limine [Docket No. 242] should be granted in part, and denied in part.

## I.  Factual Background and Procedural History

The subject lawsuit arises out of a motor vehicle/tractor trailer accident that occurred on December 19, 2005.  At the time of the accident, Ronald Chapman ("Chapman") was driving a tractor trailer for Defendant Colonial Freight Systems, Inc. ("Colonial") when he rear-ended a vehicle that was being driven by Plaintiff Lionel Francois ("Francois").  For the purposes of this litigation, Colonial has admitted that Chapman was its employee when the subject accident occurred.  Colonial has also admitted a duty and breach of duty on the part of Chapman, but denies the allegations with respect to proximate causation and damages.

On August 8, 2006, Francois and his wife filed this negligence action arising from the injuries allegedly sustained by Francois in the subject accident.  On May 29, 2007, with leave of Court, Plaintiffs filed an Amended Complaint naming Phoenix as an additional defendant.  The Court has previously found that it could properly exercise federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.  See Opinion and Order of Dec. 14, 2007 [Docket No. 251].  The Court also granted the Motion of Phoenix for Summary Judgment, thereby dismissing Phoenix as a defendant in this case, and granted the Motion of Colonial for Partial Summary Judgment on the issue of punitive damages.  See Docket Nos. 251 and 252.  The parties now move to have certain evidence/testimony excluded at trial.

2

## II.  Discussion

**A.  First Motion in Limine of Colonial [Docket No. 203]**

1.  Liability Insurance

Through this motion, Colonial seeks to exclude evidence concerning liability insurance or any self-fund trust maintained by Colonial.  In accordance with Rule 411 of the Federal Rules of Evidence ("FRE"), the Court finds that this Motion in Limine should be granted.

2.  Compromise and Offers to Compromise

Through this motion, Colonial seeks to exclude evidence of offers to compromise or offers to settle this matter.  In their Motion in Limine, Plaintiffs likewise seek to have such evidence excluded at trial.  See Plaintiffs' Mot. in Limine, IV [Docket No. 242].  In accordance with Rule 408 of the FRE, the Court finds that this Motion in Limine should be granted.

3.  Driving Record of Reginald Chapman

Through this motion, Colonial seeks to exclude evidence of Chapman's driving record on the basis that the issuance or non-issuance of citations or any other accidents in which Chapman may have been involved is not relevant.  The Court finds that as Colonial has admitted that Chapman was its employee when the

3

subject accident occurred, has admitted a duty and breach of duty on the part of Chapman with respect to the subject accident, and has been granted summary judgment on Plaintiffs' punitive damages claim, evidence regarding Chapman's prior driving record is not relevant in this case.  Therefore, in accordance with Rule 402 of the FRE, the Court finds this Motion in Limine should be granted.

4.  Automobile Accident Report

Through this motion, Colonial seeks to exclude as evidence the accident report that was prepared by the law enforcement officer who responded to the accident scene, on the basis that it contains inadmissible hearsay.  Under Rule 803 of the FRE, public records and reports are excepted from the rule against hearsay to the extent they contain "matters observed pursuant to a duty imposed by law as to which matters there was a duty to report."  In accordance with this Rule, the Court finds this Motion in Limine should be granted except as to the non-hearsay entries made by the responding law enforcement officer that are based on his or her own personal observations.

5.  Medical Bills/Records not Disclosed by Plaintiffs in Discovery

Through this motion, Colonial seeks to exclude as evidence any medical record or bill for medical services that was not produced during discovery.  On this issue, the Federal Rules of Civil

Procedure ("FRCP") provide, in relevant part:

26(a)(1)   Initial Disclosure.

(A) In General.  Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

....

(ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered...

....

(e) Supplementing Disclosures and Responses.

(1) In General.  A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

FED. R. CIV. P. 26(a)(1)(A)(ii) & (iii); (e)(1)(A) & (B).  The FRCP also provide, in relevant part:

5

37(c) Failure to Disclose, to Supplement an Earlier
Response, or to Admit.

(1) Failure to Disclose or Supplement. If a party fails
to provide information or identify a witness as required
by Rule 26(a) or (e), the party is not allowed to use
that information or witness to supply evidence on a
motion, at a hearing, or at a trial, unless the failure
was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1).

The Court finds Plaintiffs' argument that Colonial was
provided a medical waiver and, therefore, could have obtained
Francois' medical records/bills lacks merit as the FRCP
specifically require that the plaintiff provide a copy or
description of tangible evidence in its possession that it may use
to support its claims, and further requires that the plaintiff
provide a computation of each category of damages and make
available for inspection and copying documents on which each
computation is based, including materials bearing on the nature and
extent of injuries suffered. See FED. R. CIV. P. 26(a)(1)(A)(ii)
& (iii). In accordance with FRCP 37(c), the Court finds the Motion
in Limine to exclude as evidence any medical record or bill for
medical services that was not produced during discovery should be
granted.

6.   Treating Physicians

Through this motion, Colonial seeks to exclude from evidence
the testimony and medical records of several of Francois' treating

6

physicians on the basis that none of these physicians have provided expert disclosures in this case.  The record shows that in their pre-discovery disclosures, Plaintiffs identified the following individuals as physicians who provided medical treatment to Francois for the injuries he allegedly sustained in the subject accident:

| | |
|---|---|
| Leslie Kendall McKenzie | Bryan A. Gaspard |
| Daniel Martinie | Scott Porter |
| Andrew Dennis Parent | Robert Kersey Mehrle |

See Resp. to Mot in Limine, Ex. C (Plaintiffs' Pre-discovery Disclosures), at f.  Plaintiffs again named these same physicians when asked to identify the health care providers from whom Francois received medical treatment for the injuries allegedly resulting from the accident.  See id., Ex. D, Plaintiffs' Interrogatory Responses, at No. 6.  Plaintiffs, however, did not name these physicians when asked to identify the individuals who would be called at trial as expert witnesses.  See id., Ex. D, Plaintiffs' Interrogatory Responses, at No. 27.  Additionally, Plaintiffs do not deny that they did not produce expert reports with regard to any of these physicians.

On or about August 29, 2007, Plaintiffs served Supplemental Expert Designations, which contain a fact summary of the care provided to Francois by Doctors McKenzie, Mehrle, and Parent.  See id., Ex. E.  See also Resp. to Mot. to Strike [Docket No. 215], Ex.

A.   The fact summaries were apparently compiled by Plaintiffs' counsel "consistent with the medical records from [University Medical Center]" and are not signed by any of the referenced physicians.  See Resp. to Mot. to Strike [Docket No. 215], Ex. A. On September 5, 2007, Colonial moved to strike Plaintiffs' supplemental disclosures on the bases that they were served after the deadline established by the Case Management Order and that the disclosures do not comply with the requirements of FRCP 26 or the Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi ("Local Rules").

Under FRCP 26(a)(2):

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

The Local Rules regarding expert disclosures provide, in relevant part:

(2) Expert Witnesses. A party shall, as soon as it is obtained, but in any event no later than the time specified in the case management order, make disclosure as required by Fed. R. Civ. P. 26(a)(2)(A).

(a) For purposes of this section, a written report is "prepared and signed" by the expert witness when the witness executes the report after review.

(b) An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or *sua sponte* by the court.

(c) Discovery regarding experts shall be completed within the discovery period. The court will allow the subsequent designation and/or discovery of expert witnesses only upon a showing of good cause.

(d) <u>A party shall designate treating physicians as experts pursuant to this rule, but is only required to provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor.</u>

9

(e) A party is required to supplement an expert's opinion in accordance with FED. R. CIV. P. 26(e).

See Local Rule 26.1(2) (emphasis added).

This Court has previously analyzed the expert reporting requirements of the FRCP and Local Rules, as they pertain to treating physicians, in the case of Robbins v. Ryan's Family Steak Houses East, Inc., 233 F.R.D. 448 (S.D. Miss. 2004). A portion of the Robbins opinion is quoted below:

> A comparison of the two rules reveals that the Uniform Local Rule includes verbatim much of the corresponding Federal Rule.
>
> Sub-paragraph 26.1(A)(2)(d) of the Uniform Local Rules was adopted in order to relieve busy treating physicians of the onerous task of keeping records of the information required of expert witnesses by Federal Rule 26(a)(2)(A) ... and to clarify that treating physicians ordinarily must be designated as expert witnesses. This latter purpose was perceived by this District as necessary to address the statement in the Advisory Committee Notes to the 1983 Amendments to the Federal Rules which states in part:
>
> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.
>
> Thus, in this District treating physicians must be designated as expert witnesses and they must be so designated in a timely manner. Federal Rule 26(a)(2)(C) states that the disclosures shall be made "at the times and in the sequence directed by the court." It is customary in this District for those time and sequence

designations to be set by the magistrate judge assigned to the case at the case management conference (referred to in the Federal Rules as the Rule 26(f) conference) with the input of the attorneys.

Both the Federal Rule and the Uniform Local Rule require that the disclosures of the required information of expert witnesses be made through a written report signed by the witness.  Thus, the best practice is for the attorney to comply with the rules explicitly and submit to the other party a "written report prepared and signed by the witness."  However, recognizing the difficulty of obtaining such report from some physicians and the expense thereof, the court may allow, in some instances, for the office records of the calling party's treating physician to be submitted in lieu of a written and signed report.  In such instances, the treating physician will be limited at trial to testifying only to those opinions expressed in the office records.  Thus, if the attorney wishes to elicit from the treating physician an opinion not set forth in the physician's office records, he should submit a written report signed by the treating physician as required by the rules or suffer the consequence of having an objection to that opinion sustained at trial.

In rare instances a treating physician may be called to testify as to basic facts known to him as the treating physician without expressing any opinion at all.  It can be argued that such a witness is simply a fact witness who happens to be a physician and that the calling party should not be required to comply with the rules regarding expert witness disclosures.  This situation is one that is a departure from the ordinary situation contemplated by the rules and is left to the discretion of the trial judge.  Prudent practitioners would best comply with the rules or obtain permission from the court in advance if a deviation from the rules is expected.

Robbins, 233 F.R.D. at 453 (alterations in original).

The record shows that Plaintiffs, while they identified Doctors McKenzie, Martinie, Parent, Gaspard, Porter, and Mehrle, as treating physicians in their discovery disclosures, did not identify any of these physicians as possible expert witnesses in

11

this case, and did not submit any expert reports from these physicians. Additionally, the Court finds that the Supplemental Expert Designations, which contain a fact summary of the care provided to Francois by Doctors McKenzie, Mehrle, and Parent, do not meet the requirements of the Local Rules as they do not disclose the opinions held by these treating physicians or a summary of the grounds therefor. For this reason, the Court finds that the Motion of Colonial to Strike Plaintiffs' Supplemental Expert Designation should be granted.

To determine whether to exclude an expert who is not properly designated under the FRCP, the Court considers four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004) (citing Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)).

As regards the first factor, Plaintiffs have not offered any explanation as to the reason they failed to timely designate Francois' treating physicians in the manner prescribed by the FRCP and/or the Local Rules. Again, the Court finds that Plaintiffs' argument that Colonial was provided a medical waiver and therefore could have obtained medical information from his treating physicians lacks merit as, under the rules, it was their duty to

provide the necessary expert disclosures.  Accordingly, the Court finds that this factor weighs in favor of striking Plaintiffs' treating physicians as experts in this case.

As regards the second factor, the Court finds that expert testimony is critically important in this case to prove proximate causation.  The record shows, however, that in addition to the referenced treating physicians, Plaintiffs have identified at least two other physicians, Doctors Webb and Katz, to offer expert testimony in this case.  Accordingly, the Court finds that this factor appears to be neutral.

As regards the third factor, the Court finds that the prejudice to Colonial would be great.  Although Colonial may have had access to the medical records of Francois' treating physicians, there is nothing before the Court to show that Colonial was informed of the opinions held by those physicians regarding causation or the bases for those opinions.  The Court finds that Colonial should not now be required to prepare to rebut such testimony at trial.  Accordingly, the Court finds that this factor weighs in favor of striking Plaintiffs' treating physicians as experts in this case.

As regards the fourth factor, that is the "availability of a continuance to cure such prejudice", the United States Court of Appeals for Fifth Circuit in Hamburger found:

> Since the first and third factors militate against
> permitting the testimony, the trial court was not

> obligated to continue the trial.  Otherwise, the failure
> to satisfy the rules would never result in exclusion, but
> only in a continuance.  Because of a trial court's need
> to control its docket, a party's violation of the court's
> scheduling order should not routinely justify a
> continuance.  Here, the trial court did not abuse its
> discretion in barring [a doctor] as an expert witness
> because Hamburger failed to timely identify her as
> required by Rule 26(a)(2)(A).

Hamburger, 361 F.3d at 883-84.  In the case *sub judice*, the Court likewise finds that as the first and third Hamburger factors militate against permitting expert testimony by Francois' treating physicians, a continuance should not be granted.  The Court additionally finds, based on its review of the Hamburger factors, that Francois' treating physicians should be barred from testifying at trial.  Accordingly, the Court finds that this Motion in Limine should be granted.


7.  Photographs of Francios' Vehicle

Through this motion, Colonial seeks to exclude from evidence photographs of the vehicle Francois was driving that were taken some point after the subject accident.  Colonial argues that as the photographs were taken after the "jaws of life" were used to remove Francois from his vehicle, the photographs do not accurately depict the extent of damage caused by the accident itself.

Having reviewed photocopies of the referenced pictures, the Court cannot determine whether the damage depicted was caused by the accident as opposed to the "jaws of life".  For this reason,

14

the Court finds that if allowed to view these photographs, the jury may be confused and/or misled regarding the damage that was done to Francois' vehicle as a result of the accident and, therefore, the severity of that accident.  Accordingly, the Court finds that the probative value of the photographs it has been provided is substantially outweighed by the danger of confusing or misleading the jury and, therefore, in accordance with FRE 403, this Motion in Limine should be granted.  The Court will, however, reconsider this ruling in the event Plaintiffs produce photographs of Francois' vehicle taken immediately after the subject accident, that is before the "jaws of life" were used on the vehicle, or photographs from which the damage caused by the accident itself may be more clearly differentiated.

8.  Federal Motor Carrier Safety Administration Records

Through this motion, Colonial seeks to exclude from evidence any records obtained from the Federal Motor Carrier Administration and/or any reference to the guidelines and regulations promulgated by that agency on the basis that such evidence is not relevant. The Court finds that as Colonial has admitted that Chapman was its employee when the subject accident occurred, has admitted a duty and breach of duty on the part of Chapman with respect to the subject accident, and has been granted summary judgment on Plaintiffs' punitive damages claim, evidence obtained from the

Federal Motor Carrier Administration and/or evidence regarding the Federal Motor Carrier Safety Regulations is not relevant in this case.  Therefore, in accordance with Rule 402 of the FRE, the Court finds this Motion in Limine should be granted.

9.  Chapman's Employment Status

Through this motion, Colonial seeks to exclude evidence or argument that Chapman left his employment with Colonial after the subject accident occurred.  The Court finds that as Colonial has admitted that Chapman was its employee when the subject accident occurred and has admitted a duty and breach of duty on the part of Chapman with respect to the subject accident, evidence regarding his employment status is not relevant in this case.  Therefore, in accordance with Rule 402 of the FRE, the Court finds this Motion in Limine should be granted.

10.  Religious References

Through this motion, Colonial seeks to prevent Plaintiffs' counsel from including any religious references in the arguments made at trial.  On this issue, the Mississippi Supreme Court has found:

> Counsel may draw upon literature, history, science, religion, and philosophy for material for his argument. He may navigate all rivers of modern literature or sail the seas of ancient learning; he may explore all the shores of thought and experience; he may, if he will, take the wings of the morning and fly not only to the

16

> uttermost parts of the sea but to the uttermost limits of
> space in search of illustrations, similes, and metaphors
> to adorn his argument.   He may reach the uttermost
> heights of attainable eloquence, soar into the empyrean
> heights where his shadow may fall on the loftiest
> mountain top, as the eagle in its loftiest flight.  He
> may borrow from every source, modern and ancient, such
> materials as he needs for his argument.... He cannot,
> however, state facts which are not in evidence, and which
> the court does not judicially know, in aid of his
> evidence.  Neither can he appeal to the prejudices of men
> by injecting prejudices not contained in some source of
> the evidence.

<u>Johnson v. Mississippi</u>, 416 So. 2d 383, 391-92 (Miss.
1982)(citations omitted).  As the Court cannot presently determine
the content of the arguments that will be made by counsel at trial,
and references to religion are not expressly barred under
Mississippi law, the Court finds that this Motion in Limine should
be denied without prejudice.  Nothing in this Order will preclude
counsel for either party to raise this issue by objection at trial.


11.  Chapman's Log Books

    Through this motion, Colonial seeks to exclude evidence or
argument regarding the log books Chapman kept during the course and
scope of his employment with Colonial.  The Court finds that as
Colonial has admitted that Chapman was its employee when the
subject accident occurred, has admitted a duty and breach of duty
on the part of Chapman with respect to the subject accident, and
has been granted summary judgment on Plaintiffs' punitive damages
claim, evidence regarding Chapman's log books is not relevant in

this case.  Therefore, in accordance with Rule 402 of the FRE, the Court finds this Motion in Limine should be granted.

**B.  Second Motion in Limine of Colonial [Docket No. 244]**

Through this motion, Colonial seeks to exclude from evidence testimony of Linda Beatty, Kelly Therrell, and Jessie Summers on the issues of Francois' alleged brain injury and/or any causal connection between the alleged brain injury and the underlying accident.  In response, Plaintiffs contend that these individuals will be called only as fact witnesses and will offer "lay opinion testimony as to the nature, type, and duration of care" provided to Francois following the accident.  The Court agrees that these three witnesses are not qualified to offer expert testimony on the issue of proximate causation.  The Court will, however, permit these witnesses to testify regarding the care provided to Francois provided Plaintiffs make these witnesses available for deposition prior to trial (if not already deposed) and bear the costs associated with those depositions.  Accordingly, the Court denies this Motion in Limine.

Colonial also moves to exclude evidence regarding any property damage sustained by Francois as a result of the subject accident on the basis that he has already been compensated for such damages through his insurer, which, in turn, was reimbursed by Colonial. Plaintiffs have not responded to this Motion in Limine.  As such,

18

the Court presumes that Francois has already received compensation for any property damage sustained as a result of the subject accident and, therefore, is not making a claim for such damages at trial. Accordingly, the Court finds this Motion in Limine should be granted.

**C. Plaintiffs' Motion in Limine [Docket No. 242]**

1. Previous Automobile Accidents Involving Francois

Through this motion, Plaintiffs seek to exclude evidence regarding prior automobile accidents in which Francois was involved as irrelevant. The Court finds that while injuries sustained by Francois in prior accidents may be relevant on the issue of the damages he claims in this case, the manner in which he sustained those injuries has not been shown to be relevant. Therefore, in accordance with Rule 402 of the FRE, the Court finds this Motion in Limine should be granted. The Court may, however, reconsider this ruling if Colonial can demonstrate that this evidence is relevant. Colonial is instructed to raise this issue at trial outside of the presence of the jury.

2. Previous Lawsuits and Insurance Claims Filed by Francois

Through this motion, Plaintiffs seek to exclude evidence regarding prior lawsuits and insurance claims filed by Francois as irrelevant and prejudicial. The Court finds that such evidence is

relevant on the issues of credibility and damages, specifically whether any of the injuries alleged by Francois in this case preexisted the subject accident. Accordingly, the Court finds that this Motion is Limine should be denied. The Court will consider the extent to which such evidence will be allowed, that is the details of the prior lawsuits/claims, at trial.

3. Francois' Medical Records not Germane to the Subject Accident

Through this motion, Plaintiffs seek to exclude evidence regarding all of Francois' medical records and, presumably, prior medical injuries/treatment, not related to the subject accident. The Court finds that such evidence is relevant on the issue of damages, specifically whether any of the injuries alleged by Francois in this case preexisted the subject accident as well as the nature and extent of such preexisting injuries. Accordingly, the Court finds that this Motion is Limine should be denied.

4. Compromise and Offers to Compromise

Through this motion, Plaintiffs seek to exclude evidence of offers to compromise or offers to settle this matter. As discussed *supra*, Colonial likewise moved to excluded such evidence at trial. In accordance with Rule 408 of the FRE, the Court finds this Motion in Limine should be granted.

5.   Payment by Colonial of Francois' Medical Expenses

   Through this Motion, Plaintiffs seek to exclude evidence that Colonial has made payments toward the medical treatment Francois received following the subject accident.   The Court finds this Motion in Limine should be granted.   Plaintiffs will be permitted to present admissible evidence regarding Francois' medical expenses.   The parties are hereby instructed to submit a stipulation to the Court indicating the amount in medical expenses Colonial has paid to date.   To avoid double recovery, any award of medical expenses by the jury will be offset post trial by the stipulated amount already paid by Colonial.

6.   Francois' Prior Metal or Physical Injuries or Disabilities

   Through this motion, Plaintiffs seek to exclude evidence regarding the mental or physical injuries and/or disabilities from which Francois may have suffered prior to the subject accident. The Court finds that such evidence is relevant on the issue of damages, specifically whether any of the injuries alleged by Francois in this case preexisted the subject accident as well as the nature and extent of such preexisting injuries.   Accordingly, the Court finds that this Motion is Limine should be denied.

7.   References to Tort Reform

   Through this motion, Plaintiffs seek to prevent counsel for

21

Colonial from including any tort-reform references including, for example, references to "jackpot justice" and "frivolous lawsuits", during arguments made at trial.  For the reasons discussed *supra* at A(10) the Court finds that this Motion in Limine should be denied without prejudice.  Nothing in this Order will preclude counsel for either party to raise this issue by objection at trial.

8.  Admissions of Negligence and/or Liability

Through this motion, Plaintiffs seek to prevent counsel for Colonial from informing the jury that it has admitted liability in this case and that the only issue to be decided is damages.  This issue was discussed during the pre-trial conference, and is now moot.  It has been agreed that liability has been confessed and that the only issues remaining for the jury are proximate causation and damages.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the First Motion in Limine of Defendant Colonial Freight Systems, Inc., [Docket No. 203] is hereby granted in part, and denied in part.

IT IS FURTHER ORDERED that the Motion of Defendant Colonial Freight Systems, Inc., to Strike Plaintiffs' Supplemental Expert Designation [Docket No. 213] is hereby granted.

IT IS FURTHER ORDERED that the Second Motion in Limine of Defendant Colonial Freight Systems, Inc., [Docket No. 244] is hereby granted in part, and denied in part.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine [Docket No. 242] is hereby granted in part, and denied in part.

SO ORDERED this the 21st day of December, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
