IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LIONEL AND CYNTHIA FRANCOIS                           PLAINTIFFS

VS.                              CIVIL ACTION NO 3:06-cv-434-WHB-LRA

COLONIAL FREIGHT SYSTEMS, INC.,
PHOENIX LEASING OF TENNESSEE, INC.,
and JOHN DOES 1-5                                     DEFENDANTS

OPINION AND ORDER

This cause is before the Court on the motions of the parties seeking to strike and/or limit the testimony of certain designated experts under Daubert.  The Court has considered the Motions, Responses, Rebuttals, attachments to the pleadings, the arguments made during the pre-trial conference that was held on December 14, 2007, as well as supporting and opposing authorities and finds:

The Daubert Motion of Defendant Colonial Freight Systems, Inc., to Strike and/or Limit Plaintiffs' Experts should be granted in part, and denied in part.

Plaintiffs' Counter Motion to Strike and/or Limit Defendant's Experts Under Daubert is not well taken and should be denied.[1]

---

[1]  Plaintiffs request a hearing on the subject Daubert motions.  Pursuant to Rule 7.2(F) of the Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi: "All motions shall be decided by the court without a hearing or oral argument unless otherwise ordered by the court ... in its discretion, upon written request made by counsel..."  Further, the Court, in its discretion, may hear oral arguments "at such time and place as may suit the convenience of the judge."  To the extent the Court heard oral arguments on the subject Daubert challenges during the pre-trial conference that was held on December 14, 2007, the Court will grant Plaintiffs' request for an evidentiary hearing on these motions.

## I.   Factual Background and Procedural History

The subject lawsuit arises out of a motor vehicle/tractor trailer accident that occurred on December 19, 2005.  At the time of the accident, Ronald Chapman ("Chapman") was driving a tractor trailer for Defendant Colonial Freight Systems, Inc. ("Colonial") when he rear-ended a vehicle that was being driven by Plaintiff Lionel Francois ("Francois").  For the purposes of this litigation, Colonial has admitted that Chapman was its employee when the subject accident occurred.  Colonial has also admitted a duty and breach of duty on the part of Chapman, but denies the allegations with respect to proximate causation and damages.

On August 8, 2006, Francois and his wife filed this negligence action arising from the injuries allegedly sustained by Francois in the subject accident.  On May 29, 2007, with leave of Court, Plaintiffs filed an Amended Complaint naming Phoenix as an additional defendant.  The Court has previously found that it could properly exercise federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.  See Opinion and Order of Dec. 14, 2007 [Docket No. 251].  The Court also granted the Motion of Phoenix for Summary Judgment, thereby dismissing Phoenix as a defendant in this case, and granted the Motion of Colonial for Partial Summary Judgment on the issue of punitive damages.  See Docket No. 251 and 252.  The parties now move to strike and/or limit the testimony of certain expert witnesses at trial.

2

## II.  Standard for Admission of Expert Testimony

The admissibility of expert testimony is governed by Rule 702 of

the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge
> will assist the trier of fact to understand the evidence
> or to determine a fact in issue, a witness qualified as
> an expert by knowledge, skill, experience, training, or
> education, may testify thereto in the form of an opinion
> or otherwise, if (1) the testimony is based upon
> sufficient facts or data, (2) the testimony is the
> product of reliable principles and methods, and (3) the
> witness has applied the principles and methods reliably
> to the facts of the case.

The United States Court of Appeals for the Fifth Circuit has held

that when deciding whether expert testimony is admissible, "the

court must ensure the expert uses reliable methods to reach his

opinions; and those opinions must be relevant to the facts of the

case."  Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir.

2004) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509

U.S. 579, 593-94 (1993)).  To determine whether proposed expert

testimony is reliable, the Court considers the following, non-

exclusive, list of factors: "whether the proposed evidence or

theory 'can be (and has been) tested'; whether it 'has been

subjected to peer review and publication'; whether it has been

evaluated in the light of 'potential rate[s] of error'; and whether

the theory has been accepted in the 'relevant scientific

community'."  Id. (citing Daubert, 509 U.S. at 593-94).  The

analysis used when determining whether proposed expert testimony is

reliable "must remain flexible: not every Daubert factor will be

applicable in every situation; and a court has discretion to consider other factors it deems relevant." Id. (citations omitted).

### III.   Legal Analysis

### A.   Motion of Colonial to Strike and/or Limit Expert Testimony

1.   Whitney Morgan and James J. Hannah

Colonial seeks to strike and/or limit the testimony of Whitney Morgan ("Morgan"), who was designated to provide expert testimony on the issues of Federal Motor Safety Carrier Regulations and accident causation.  Colonial also seeks to strike and/or limit the testimony of James J. Hannah ("Hannah"), who was designated as expert in the area of accident reconstruction to offer opinion testimony on issues including, *inter alia*, the speed the vehicles were traveling at the time of the subject accident, the manner in which the collision occurred, and the party that was a fault or otherwise caused the accident.

As discussed above, Colonial has admitted that Chapman was its employee when the subject accident occurred, has admitted liability on the part of Chapman with respect to the subject accident, and has been granted summary judgment on Plaintiffs' punitive damages claim.  As such, the Court finds that expert testimony on the issue of accident causation or fault is not relevant in this case. Specifically, as Colonial has admitted liability for the accident, testimony regarding accident causation or fault is not required to

assist the jury in determining a fact in issue in this case. Accordingly, the Court will strike the expert testimony of Morgan and Hannah.


2.   James R. Baugh, PhD

   Colonial seeks to strike and/or limit the testimony of Dr. James R.  Baugh ("Baugh"), a clinical psychologist, who offers the following opinions: (1) Francois has "dementia due to conditions specified elsewhere"; (2) Francois is not "able to perform simple self-care tasks and will never be able to support himself"; (3) Francois will "require ongoing psychological care and medication control"; and (4) there is no indication that "Francois was a malinger or attempted to exaggerate his symptoms". <u>See</u> Mot. of Colonial to Strike, Ex. D (Baugh Report).  Baugh also opined that  Francois's wife suffers from both anxiety and depression because of Francois's condition and needs.  <u>Id.</u>

   Colonial first argues that Baugh's opinions regarding the extent and/or cause of Francois's alleged neurological injuries  or deficits should be struck on the basis that Baugh is not an expert in the field of neuropsychology.   According to Baugh, a neuropsychologist "identifies if there is any insult to the brain and what that insult might lead to".  <u>Id.</u>, Ex. E (Baugh Dep.) at 16.  Baugh, however, also testified that he was not an expert in the field of neuropsychology; that he has not kept current in that

field;  and  that  if  presented  with  a  problem  that  had
neuropsychological involvement, he would "refer that to someone
that is currently in the field." Id. at 16-17.   Instead, Baugh
testified  that  he  was  an  expert  in  the  field  of  clinical
psychology, which focuses on defining the emotional components
arising from an injury that need treatment.  Id. at 16.  See also
id. at 18:

> Q.  You said you were looking for neurological problems,
> but you agree that you are not here today to give an
> expert opinion in that field.
>
> A.   That is right.
>
> Q.  And as a clinical psychologist, you said you can give
> an opinion to emotional problems.
>
> A.   Right.

As further explained during Baugh's Deposition:

> Q.    But  I'm  asking  about  brain  injury  and  causal
> relationship  and  any  need  for  any  psychological  need
> whatsoever; are you here today to give an opinion about
> that?
>
> A.   Yes, I think I can do that.  Without understanding
> the brain injury, I could understand the dysfunction that
> it produces; I can see that.  Or I could get that from
> another physician.
>
> Q.  Exactly.  That's my question.  A neuropsychologist
> you said, that's his field; to causally relate the brain
> injury.
>
> A.   That is right.
>
> Q.   But you are not here to causally relate any brain
> injury to any psychological need.
>
> A.   That is right.

Q.  You are here to say what treatment you would give as
a clinical psychologist?

A.   That is right.   With someone who might be brain
injured.

Q.  Okay.  But you don't make a link between the two;
you're saying that brain injury is damage, and you're
going to tell me in your opinion what psychotherapy needs
there would be with that type of injury?

A.   That's right.

Id. Ex. E. (Baugh Dep.) at 28-29.

Based on Baugh's deposition, the Court finds that his expert
opinions should be limited to the area of clinical psychology.  The
Court finds that Plaintiffs have not established that Baugh is
qualified to give expert opinions in this case in the areas of
neuropsychology or neurology.  As such, Baugh will not be permitted
to testify that he diagnosed Francois as having dementia, or that
Francois's alleged dementia or other neurological injuries/deficits
were caused by the subject accident.  The Court finds, however,
that Baugh is qualified to offer opinions regarding Francois's
current emotional problems, the limitations those problems may
cause, and the type of psychological treatment needed to address
those problems.

Colonial also seeks to strike Baugh's opinions on the bases
that: (1) he had not reviewed Francois's complete medical record
before rendering his opinions, (2) the tests he administered to
Francois were invalid, (3) his opinions were based on his personal
observations of Francois and the history provided by Mrs. Francois,

and (4) that he was unable to cite any literature to support the validity of his opinions.  The Court notes that Colonial has not challenged Baugh's education, experience, or qualifications to give expert testimony in the area of clinical psychology.  Although Baugh did not cite any medical treatise in support of his opinions, the Court finds that his opinions may nevertheless be supported by his education, training, and observations.  The Court additionally finds that the above-listed challenges relate to the credibility of Baugh's expert opinions, not their admissibility.  Further, these challenges can be made at trial by way of vigorous cross-examination.  Accordingly, the Court will not strike Baugh's expert opinions in the area of clinical psychology based on the aforementioned challenges.

In sum, the Court finds that Baugh, by his own testimony, is not qualified to offer expert opinions in the areas of neurology or neuropsychology, but is qualified to offer such opinions in the area of clinical psychology.  As regards the opinions in his expert report, Baugh will not be permitted to testify that he diagnosed Francois as having dementia, or that Francois's alleged dementia or other neurological injuries/deficits were caused by the subject accident.  Baugh, however, will be permitted to testify regarding Francois's current emotional problems; his ability to care for and financially support himself; the nature, type, and duration of psychological care currently needed by Francois; whether Francois

8

is malingering or attempting to exaggerate his symptoms; and the anxiety/depression suffered by Francois's wife because of his condition and needs.  Accordingly, the Court will strike/limit the expert testimony of Baugh at trial in accordance with this Order.

3.   Mark C. Webb, M.D.

Colonial first seeks to strike the testimony of Dr. Mark C. Webb, a psychiatrist, pertaining to neurology and neuropsychology. In his deposition, Webb testified that he does not consider himself an expert in either of these fields.  See id., Ex. G (Webb Dep.), at 16.  Based on Webb's deposition, the Court finds that his expert opinions should be limited to the area of psychiatry.

Next Colonial seeks to strike Webb's opinions regarding his diagnosis of dementia on the grounds that this diagnosis was (1) based, in part, on Baugh's diagnosis, and (2) was based solely on his examination and therapy sessions with Francois, and not on any objective testing.  Colonial also seeks to strike Webb's opinions regarding whether Francois is psychiatrically disabled and unable to return to work, and whether Francois will require ongoing home health and psychiatric care, on the grounds that these opinions: (1) are not based on any objective testing but, instead, were based on his examination and therapy sessions with Francois; (2) are based on information obtained from Francois's family members; and (3) are not based on objective protocols.  As with Baugh above, the

Court notes that Colonial has not challenged Webb's education, experience, or qualifications to give expert testimony in the area of psychiatry.  Although Webb did not perform any objective diagnostic tests to support of his opinions, the Court finds that his opinions may nevertheless be supported by his education, training, and observations.  Webb, however, will not be permitted to rely on Baugh's diagnosis of dementia, as Baugh has not been shown qualified to make such diagnosis.  As regards the remaining above-listed challenges, the Court again finds they relate to the credibility of Webb's expert opinions, and not their admissibility. Further, as above, these challenges can be made at trial by way of vigorous cross-examination.  Accordingly, the Court will not strike Webb's expert opinions in the area psychiatry based on the aforementioned challenges except to the extent it will strike any reference to Baugh's diagnosis of dementia.

Finally, Colonial seeks to strike Webb's testimony regarding the costs of Francois's future medical treatment.  On this issue, the Court finds that Webb will not be permitted to testify as to the cost of any future psychological treatment by Baugh as that opinion is based on hearsay.  Webb, however, will be permitted to testify as to the cost of his own future psychiatric treatment for Francois.

In sum, the Court finds that Webb, by his own testimony, is not qualified to offer expert testimony in the areas of neurology

or neuropsychology, but is qualified to offer such testimony in the area psychiatry.  As regards his expert opinions, Webb will not be permitted to rely on Baugh's diagnosis of dementia but will be permitted to testify regarding his own diagnosis of that condition. Webb will also be permitted to testify regarding Francois's psychiatric disability, his ability to return to work, and his need for ongoing home health and psychiatric care.  Finally, Webb will be permitted to testify regarding the cost of his future psychiatric treatment for Francois.  Accordingly, the Court will strike/limit the expert testimony of Webb at trial in accordance with this Order.

4.   Howard T. Katz, M.D.

   Colonial seeks to strike and/or limit the testimony of Dr. Howard T. Katz ("Katz"), an expert in the field of rehabilitative medicine and physiatry, regarding Francois's alleged brain injury, seizures, stuttering, dementia, and the future medical treatment needed for these conditions.  Colonial seeks to strike Katz's opinions on the grounds that his opinion regarding organic brain syndrome and the future costs for treating same are based, in part, on Baugh's diagnosis of dementia. Colonial also challenges Katz's opinions on the grounds that his opinions: (1) are not based on valid objective testing; (2) are based on history provided by Francois and his wife; and (3) are based on a single test, the

11

results of which could easily be manipulated by the person to whom the test was administered.  As with Baugh and Webb, Colonial has not challenged Katz's education, experience, or qualifications to give expert testimony in the area of rehabilitative medicine or physiatry.  Although Colonial claims that the objective diagnostic test performed by Katz could be easily manipulated and does not support a diagnosis of organic brain syndrome/dementia according to a leading medical treatise, the Court finds that his opinions may nevertheless be supported by his education, training, and observations.  Katz, however, will not be permitted to rely on Baugh's diagnosis of dementia, as Baugh has not been shown qualified to make such diagnosis.  As regards the remaining above-listed challenges, the Court again finds they relate to the credibility of Katz's expert opinions, and not their admissibility.  Further, as above, these challenges can be made at trial by way of vigorous cross-examination.  Accordingly, the Court will not strike Katz's expert opinions on the issues of brain injury, seizures, stuttering, dementia, and the future medical treatment needed for these conditions based on the aforementioned challenges except to the extent it will any strike reference to Baugh's diagnosis of dementia.  Accordingly, the Court will strike/limit the expert testimony of Katz at trial in accordance with this Order.

5.  Nathaniel Fentress

Colonial seeks to strike and/or limit the testimony of Nathaniel Fentress ("Fentress"), who has been designated as an expert in the field of vocational rehabilitation, and has prepared a Life Care Plan outlining Francois's alleged future medical expenses. First, Colonial seeks to strike Fentress's testimony and opinion regarding the cost of future home health care on the grounds that it is based on Baugh's assessment of Francois's ability to care for himself.  The Court finds that as it has permitted Baugh and Webb to testify regarding Francois's ability to care for himself and perceived need for attendant care, this objection to Fentress's testimony lacks merit.  Colonial also seeks to exclude Fentress's testimony regarding the cost of future home health care on the grounds that it is not supported by an actual estimate but merely "the going rate."  The Court finds that this challenge relates to the credibility of Fentress's testimony, not its admissibility and, therefore, finds this objection likewise lacks merit.

The Court finds, however, consistent with the opinion of the Mississippi Supreme Court in Blake v. Clein, 903 So. 2d 710 (Miss. 2005), that Plaintiffs will have to demonstrate that the future medical costs they seek have been adjusted to their present net value.  Specifically, in Blake, the court "cautioned against the use of a rehabilitation counselor [(specifically Fentress)] to

13

determine the present net value of future medical expenses and future wage loss, [because this is] an area usually reserved for economists." Id. at 718 n.1. The Court will reserve its ruling regarding whether Francois's future medical costs have been properly adjusted and, therefore, whether Fentress will be permitted to testify regarding such costs until trial. Accordingly, the Court will deny the Motion of Colonial to Strike the expert testimony of Fentress at this time.

**B.    Plaintiffs' Counter Motion to Strike and/or Limit Defendant's Experts Under Daubert**

Plaintiffs seeks to strike and/or limit the testimony of Dr. Eric Engum ("Engum"), who has been designated by Colonial as an expert in the field of neuropsychology. Plaintiffs move to strike Engum's testimony on the basis that Colonial has also designated Dr. Edward Manning as a expert in the field of psychology and, therefore, any testimony from Engum in this field would be prejudicially redundant. The Court finds no basis under Daubert for striking Engum's testimony and, therefore, finds Plaintiffs' Counter Motion to Strike should be denied. The Court may, however, strike Engum's testimony at trial in accordance with Rule 403 of the Federal Rules of Evidence if it is shown that his testimony is cumulative.

### IV.   Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the <u>Daubert</u> Motion of Defendant Colonial Freight Systems, Inc., to Strike and/or Limit Plaintiffs' Experts [Docket No. 187] is hereby granted in part, and denied in part.

IT IS FURTHER ORDERED that Plaintiffs' Counter Motion to Strike and/or Limit Defendant's Experts Under <u>Daubert</u> [Docket No. 193] is hereby denied.

SO ORDERED this the 4th day of January, 2008.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE